| Matter of Kaufman |
|:---:|
| 2024 NY Slip Op 34437(U) |
| December 16, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2018-711/A |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Probate Proceeding, Will of

New York County Surrogate's Court
DATA ENTRY DEPT.
DEC 1 6 2024

GEORGE S. KAUFMAN,

DECISION and ORDER
File No.: 2018-711/A + /C

Deceased.
-------------------------------------------------------------------------x
Proceeding to Invalidate the Amendment of Trust(s) and
Exercise of Authority Dated December 19, 2017, of the
George S. Kaufman Dispositive Trust, dated May 2, 2006,
between

GEORGE S. KAUFMAN,

File No.: 2018-711/E

Donor,

And George S. Kaufman, as Trustee, as amended,
Pursuant to SCPA Article 15.
-------------------------------------------------------------------------x
M E L L A, S.:

The court considered the following papers in deciding these motions made in the above-captioned proceedings:

| Papers Considered | Numbered |
|---|---|
| **Probate Proceedings – Motion for Authority to Take 1404 Examinations** | |
| Amended Notice of Motion for an Order Authorizing Thomas D. Kearns (Respondent) to Conduct SCPA 1404 Examinations in Connection with the Purported Codicil of George S. Kaufman, dated December 19, 2017, Affidavit of Ilene S. Cooper, Esq., in Support, with Exhibits, and Memorandum of Law in Support | 1,2,3 |
| Affirmation of Andrew S. Auchincloss, Esq., in Opposition to Respondent's Motion, with Exhibits | 4 |
| Amended Affidavit of Deborah Yurchuk McCarthy, Esq., Assistant New York Attorney General, in Response to Motion, dated July 8, 2019, with Exhibits | 5 |
| Affidavit of Ilene S. Cooper, Esq., in Further Support of Motion, with Exhibits, Affirmation of Charles M. Barbuti, Esq., and Reply Memorandum of Law in Further Support of Motion | 6,7,8 |

[* 1]

**Petition to Invalidate Amendment to Inter Vivos Trust – Motion to Dismiss**
Respondent Bessemer Trust Company's Notice of Motion to Dismiss, Pursuant
to CPLR 3211(a)(1), (2) and (7), Affirmation of Andrew S. Auchincloss, Esq.,
in Support, with Exhibits, and Memorandum of Law in Support of Motion to Dismiss     1,2,3

Affirmation of Robert J. Giuffra, Jr., in Support of Bessemer Trust Company's
Motion to Dismiss                                                                    4

Affidavit of Deborah Yurchuk McCarthy, Esq., Assistant New York
Attorney General, Supporting Bessemer Trust Company's Motion to Dismiss             5

Affirmation of Frank T. Santoro, Esq., in Opposition to Motion to Dismiss,
with Exhibits, and Memorandum of Law in Opposition to Motion to Dismiss             6,7

Reply Affirmation of Andrew S. Auchincloss, Esq., in Further Support of
Motion to Dismiss, with Exhibits, and Respondent Bessemer Trust Company's
Memorandum of Law in Further Support of Motion to Dismiss Petition and in
Reply to Petitioner's Opposition                                                    8,9

At the call of the calendar on June 11, 2024, the court heard extensive oral argument from the parties in two contested proceedings in the estate of George S. Kaufman (Kaufman or decedent), who died on February 20, 2018, at age 89, with a probate estate estimated to be in excess of $100 million. In addition to a will and codicil(s), the subject of contested probate proceedings, Kaufman had created a revocable inter vivos trust on May 2, 2006, called the George S. Kaufman Dispositive Trust (as amended and restated various times), which was also the subject of a contested matter before the court on June 11th.

By way of background, on or about March 1, 2018, Thomas Kearns, a longtime lawyer of decedent's, filed a petition to probate a will (dated May 2, 2006) and codicil (dated April 2, 2008) in which Kearns is nominated to serve as Executor. On or about March 6, 2018, Bessemer Trust Company, N.A. (Bessemer Trust) filed a petition to probate the same two instruments plus a second codicil (dated December 19, 2017). In the second codicil, Bessemer Trust is nominated as Executor. The replacement of Kearns as fiduciary is the only change made by the second codicil;

all dispositive provisions remain the same, directing decedent's estate to "pour over" into his Trust. Attendant to their competing probate petitions, Kearns and Bessemer Trust sought their respective appointment as Preliminary Executor and, following oral argument on July 9, 2018, the court granted the application of Bessemer Trust, who has been serving as Preliminary Executor since then.

In addition to seeking probate of the instruments under which he is the nominated fiduciary, in June 2018, Kearns filed a petition to invalidate the "Amendment of Trust(s) and Exercise of Authority," which decedent had purportedly executed on December 19, 2017 (Trust Amendment), and which amended the George S. Kaufman Dispositive Trust in a manner similar to the second codicil offered for probate, i.e., Bessemer Trust replaces Kearns as nominated Trustee. Kearns claims that the Trust Amendment is the product of undue influence and fraud exercised by decedent's wife, Mariana Zoullas Kaufman (Mariana), and her two sons, that decedent lacked capacity to amend the Trust, and that the Trust Amendment is invalid because decedent did not read it before signing. Kearns poses the same challenges to the second codicil.

No party, other than Kearns, has challenged this Trust amendment nor has any interested party opposed the admission of the will and codicils to probate.

There were two motions before the court on June 11th: (1) a motion by Kearns in the probate proceedings seeking authorization to conduct SCPA 1404 examinations and obtain related discovery, and (2) a pre-Answer motion by Bessemer Trust to dismiss Kearns's petition to invalidate the Trust Amendment.[1]

The court ruled on the motions as follows.

---

[1] The court issued an order scheduling these motions for oral argument, which also scheduled a third motion, by Mariana, made in the probate proceedings. She subsequently withdrew that motion by notice filed with the court on June 3, 2024.

3

First, the motion by Bessemer Trust to dismiss the petition of Kearns which seeks to invalidate the Trust Amendment was granted. Bessemer Trust's principal argument was that Kearns does not have standing to challenge the Trust Amendment, the purpose of which was to replace him as Trustee with Bessemer Trust, because SCPA 1410 bars frustrated fiduciaries from pursuing challenges fueled by their own self-interest and this provision, requiring such fiduciaries to seek court authority to file objections to probate, should extend to and apply in this matter involving a revocable trust.

The court determined that there are significant policy reasons to extend the "good cause" requirements of SCPA 1410 to certain nominated fiduciaries of revocable trusts that are created as part of a testator's estate planning. The court considered that many New York courts, scholars and even the Uniform Trust Code have observed that revocable trusts operate in the same manner as wills (*see, e.g., Matter of Tisdale*, 171 Misc 2d 716, 719 [Sur Ct, NY County 1997] [noting that a revocable trust "functions as a will since it is an ambulatory instrument that speaks at death to determine the disposition of the settlor's property"]; *Matter of Davidson*, 177 Misc 2d 928 [Sur Ct, NY County 1998] [in determining an individual's standing to challenge their validity, revocable trusts "must be treated as the equivalents of wills in the eyes of the law"]; and *Matter of Ciricleo*, NYLJ, June 27, 2007, at 39, col 5 [Sur Ct, Westchester County 2007] [reasoning that the considerations underlying "SCPA 1410 are no less applicable to amendable lifetime trusts than to wills"]; Alan Newman, *Revocable Trusts and the Law of Wills: an Imperfect Fit*, 43 Real Prop Tr & Est LJ 523 [Fall 2008]; Uniform Trust Code [2023], Prefatory Note [online version]; CPLR 7703 ["The provisions as to joinder and representation of persons interested in estates as provided in the [SCPA] shall govern joinder and representation of persons interested in express trusts. For these purposes, the term 'will' used in the [SCPA] shall be construed to mean the instrument

4

creating the trust"]). Courts have thus resolved disputes involving challenges to revocable trusts by applying laws applicable to wills (*see, e.g., Matter of Baird*, 78 Misc 3d 1216[A], 2023 NY Slip Op 50235[U] [Sur Ct, Orange County] [applying the 3-2 Rule which limits time period for discovery in contested probate proceeding to a proceeding to invalidate a revocable lifetime trust]; *Matter of Dalton*, NYLJ, Feb 2, 2009, at 47, col 4 [Sur Ct, Suffolk County]).

SCPA 1410 codifies the legislature's intent to ensure that estates are protected against the expenditure of estate assets in frivolous litigations, by precluding a person "whose only financial interest would be in the commissions to which he [or she] would have been entitled if his [or her] appointment as fiduciary were not revoked by a later instrument" from filing objections to probate "unless authorized by the court for good cause shown." This "good cause" requirement "was clearly intended to shield an estate from unwarranted costs and delays of litigation prompted by someone whose only stake in the estate is solely as a designated fiduciary" (*see Matter of Torczyner*, 183 Misc 2d 564, 566 [Sur Ct, NY County 2000], *rev'd on other grounds* 286 AD2d 609 [1st Dept 2001]).

The goal of shielding a decedent's estate and his beneficiaries from costs and delays occasioned by a self-interested fiduciary motivated by the possibility of commissions should be no different simply because a decedent chooses to use a revocable trust as part of his estate plan. In the context of determining the right to file objections, there is no substantial or practical reason to apply different rules to an estate in which the assets are disposed exclusively through a will, on the one hand, and an estate in which a decedent's will pours all assets into a revocable trust, on the other. The court therefore holds that the "good cause" requirement of SCPA 1410 is applicable to Kearns's challenge of the validity of the Trust Amendment. At least one other court has held as much (*Matter of Ciricleo, supra*).

5

Turning to the facts of this case, the court found that Kearns's pecuniary interest in decedent's estate plan is limited to commissions as an Executor and, as relevant here, as Trustee nominated under an instrument executed before the Trust Amendment he challenges. Although, pursuant to SCPA 1410, these facts could confer standing to object to the probate of a will or to challenge an amendment to a revocable trust, upon a showing of good cause, the court determined that Kearns made no such showing here (*see Matter of Astor*, 21 Misc 3d 400 [Sur Ct, Westchester County 2008] [collecting cases where "good cause," determined in the court's discretion, had been found]). In particular, Kearns's showing did not lead the court to conclude that he has unique knowledge of the facts related to decedent's estate plan such that his involvement in the proceedings would assist the court in ensuring decedent's intent effectuated. Such facts are established here by the instruments in the record that Kaufman executed over a period of more than a decade.

Significantly, Kearns did not allege that the provisions of the Trust Amendment nominating a well-established corporate fiduciary to act as trustee were ill conceived or suspicious in nature or that such provisions may be the product of fraud or undue influence by someone who will benefit. In fact, the opposite is true: the only change to decedent's estate plan accomplished by the Trust Amendment is the replacement of Kearns's nomination as trustee with a nomination of a corporate fiduciary with whom neither decedent nor the individuals Kearns suspects of wrongdoing had a prior relationship. Contrary to Kearns's contentions, the dispositive provisions of decedent's estate plan are not changed at all by the Trust Amendment,[2] the execution of which

---

[2] The court was not persuaded by Kearns's argument that decedent's "carefully crafted cap on trustee commissions" set forth in the Trust prior to the amendment at issue, but not included in the Trust Amendment, was a significant change to decedent's estate plan. Likewise, Kearns's argument that being deprived of serving as a fiduciary and receiving commissions is sufficient injury to confer standing is without merit given the court's determination that the "good cause" requirement of SCPA 1410 applies here.

6

was supervised and witnessed by experienced attorneys, who appear to be the drafters.[3] Here, all the parties whose interest might be affected by decedent's estate plan, including the New York State Attorney General (the AG), on behalf of the ultimate charitable beneficiaries of one of his trusts, support Bessemer's motion to dismiss Kearns's petition to invalidate the Trust Amendment (*cf Matter of Marks*, 142 Misc 2d 733 [Sur Ct, NY County 1989] [special circumstances presented, including execution in hospital six days before death while testator in weakened state and that the replacement nominated fiduciaries of estate and foundation to be established were the instrument drafter and decedent's nurse]).

As the AG stated in supporting the motion to dismiss, the beneficiaries of decedent's estate and the separate charitable trust created under the Trust have all been harmed by Kearns's attempt to challenge an amendment (and a codicil to the will) to which no party with a real pecuniary interest has objected. Those beneficiaries should not have to bear the expense of a challenge that leaves them in no different position, even if Kearns is successful. This is particularly so when no one, including Kearns, has raised concerns about Bessemer Trust's ability to serve as fiduciary of the estate and of the Trust. Thus, even when viewing the record in the light most favorable to Kearns, the court concluded that good cause to allow Kearns to challenge the validity of the Trust Amendment was not shown and therefore dismissal was warranted.

For the same reasons that the court granted Bessemer's motion to dismiss, the court also denied Kearns's motion in the probate proceeding for permission to conduct discovery pursuant to

---

[3] Kearns also argued that Mariana and her sons conspired to get decedent to change the fiduciary appointment to Bessemer Trust and that the Trust Amendment was "secretly procured amidst toxic facts and circumstances." However, the court determined that the facts underlying Kearns's assertions in this regard, namely that decedent was the subject of a guardianship proceeding at the time, which, incidentally, was initiated by Kearns and a longtime assistant of decedent in August 2017, and a temporary guardian had been appointed who did not participate in the execution of the instruments at issue, did not amount to good cause under SCPA 1410 given the undisputed facts in the record.

7

SCPA 1404 based on the failure to show good cause under SCPA 1410.[4] Following the precedent established by *Matter of Peckolick* (167 Misc 2d 597 [Sur Ct, NY County 1996]), in which the court stated that "before authorizing [a] displaced fiduciary to file objections [the court] must be satisfied that the loss of commissions has no bearing on the will contest and that the filing of objections is prompted solely by his or her obligation to see that the testator's wishes are not frustrated by the propounded instrument" (*id.* at 599), the court ruled that Kearns is precluded from putting the estate to the time and expense of 1404 examinations and any other discovery in the circumstances here (*see id.* at 600 [denying ousted fiduciary the right to SCPA 1404 examinations and granting motion for protective order]).

In view of the court's denial of Kearns's motion in the probate proceeding to conduct SCPA 1404 discovery, the court noted that the petition of Bessemer Trust to probate three testamentary instruments of the decedent was now uncontested, and directed Bessemer Trust to settle a probate decree.

With respect to the Trust Amendment proceeding, this decision, together with a transcript of the June 11, 2024 proceedings, constitutes the order of the court.

Clerk to notify.

Dated: December 16, 2024

_____
SURROGATE

---

[4] Additional relief sought in that motion, regarding the expedited deposition of a witness and the appointment of the Mental Hygiene Law Article 81 temporary guardian as limited administrator, was withdrawn on the record at the call of the calendar.